Filed 12/16/22  In re L.C. CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re L.C., a Person Coming Under the Juvenile Court Law. | B320192 (Los Angeles County Super. Ct. No. 19CCJP04782B) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> J.C., <br><br> Defendant and Appellant. | |

APPEAL from an order of the Superior Court of the County of Los Angeles, Marguerite D. Downing, Judge.  Conditionally reversed and remanded.

Jack A. Love, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, Acting County Counsel, Peter Ferrera, Principal Deputy County Counsel, for Plaintiff and Respondent.

_____

## I. INTRODUCTION

J.C. (father) appeals from the juvenile court's order terminating his parental rights to his daughter, L.C. (the child), under Welfare and Institutions Code section 366.26, contending that the matter should be remanded for compliance with the requirements of the Indian Child Welfare Act of 1978 (ICWA) (25 U.S.C. § 1901 et seq.) and related California statutes (Welf. & Inst. Code, § 224 et seq.). We conditionally reverse the order terminating parental rights and remand for the limited purpose of ensuring compliance with the requirements of ICWA.

## II. BACKGROUND

On August 5, 2019, the Los Angeles County Department of Children and Family Services (Department) filed a petition on behalf of the child, alleging that the history of domestic violence between mother and father and mother's current substance abused placed the child at substantial risk of harm.[1]

On August 26, 2019, mother and father each filed a Parental Notification of Indian Status stating that, as far as they

_____

[1] Mother is not a party to this appeal.

2

knew, they did not have Indian ancestry. The parents also appeared before the juvenile court the same day and informed the court that they did not have Indian ancestry. The court concluded that ICWA did not apply.

On September 19, 2019, the juvenile court sustained the amended petition and ordered that the child be removed from parental custody.

On April 6, 2021, the juvenile court terminated reunification services for father.

Prior to the termination of father's parental rights, the Department interviewed maternal grandmother and grandfather about the allegations in the petition. The Department also placed the child with maternal grandmother and maternal great-grandmother. And, paternal grandmother participated in a meeting at the Department's offices. But there is no record that any of those extended family members were interviewed regarding the child's Indian ancestry.

On April 20, 2022, the juvenile court terminated father's parental rights pursuant to Welfare and Institutions Code section 366.26.

## III. DISCUSSION

Father contends that the order terminating his parental rights must be vacated because the juvenile court and the Department failed to comply with their duty of inquiry under ICWA. No interested party filed a respondent's brief. Instead, the Department filed a concession letter acknowledging that "ICWA's inquiry provisions were not followed with regard to [the child's] extended relatives."

3

We agree with the parties that the juvenile court failed to comply with the inquiry requirements of ICWA and related California provisions. (*In re H.V.* (2022) 75 Cal.App.5th 433, 438; *In re Charles W.* (2021) 66 Cal.App.5th 483, 489.) The Department either failed to interview or failed to document its attempts to interview at least four known and available extended family members, namely, the maternal grandmother, maternal grandfather, maternal great-grandmother, and paternal grandmother about the child's Indian ancestry. This conceded error regarding ICWA compliance thus warrants a conditional reversal.

## IV.  DISPOSITION

The juvenile court's order terminating the father's parental rights to the child under Welfare and Institutions Code section 366.26 is conditionally reversed and remanded for proceedings required by this opinion.  On remand, the court shall order the Department to make reasonable efforts to interview available extended maternal and paternal relatives about the possibility of the child's Indian ancestry and to report on the results of  those efforts.  Based on the information reported, if the court determines that no additional inquiry or notice to tribes is necessary, the order terminating father's parental rights shall be reinstated.  If, however, additional inquiry or notice is warranted, the court shall make all necessary orders to ensure compliance with ICWA and related California law.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM, J.

We concur:

RUBIN, P. J.

MOOR, J.

5